Submitted August 4, reversed September 20, 2023

In the Matter of H. D.,
a Person Alleged to Have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

H. D.,
*Appellant.*

Deschutes County Circuit Court
22CC07645; A180733

536 P3d 1093

Appellant appeals from a judgment committing her to the Addiction and Mental Health Division of the Oregon Health Authority for a period of 180 days based on a finding that she had a mental illness. She asserts that the trial court plainly erred in committing her based on her violation of a two-year "conditional release" agreement that did not conform to the statutory provisions for conditional release found in ORS chapter 426. The state concedes that the trial court plainly erred and that the error merits correction. *Held*: The two-year "conditional release" agreement in this case did not comport with the requirements of ORS chapter 426. Because the trial court plainly erred, the Court of Appeals exercised its discretion to correct the error in light of its gravity.

Reversed.

Owyhee Weikel-Magden, Judge pro tempore.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed.

**ORTEGA, P. J.**

Appellant appeals from a judgment committing her to the Addiction and Mental Health Division of the Oregon Health Authority for a period of 180 days based on a finding that she had a mental illness. ORS 426.130. She asserts that the trial court plainly erred in committing her based on her violation of a "conditional release" agreement that did not conform to the statutory provisions for conditional release found in ORS chapter 426. The state concedes that the trial court plainly erred and that the error merits correction by this court. As explained below, we agree and accept that concession.

Appellant was brought before the court on several criminal matters as well as a physician's mental health hold. The parties informed the court that they had reached an agreement for "conditional release." With respect to the mental commitment, the court entered a judgment indicating that the parties had stipulated that appellant had a mental disorder and was unable to meet her basic personal needs, that the court would "hold the stipulation in abeyance" for two years from the date of the hearing, and that appellant would agree, among other things, to engage in treatment and medication services with a specified provider and not use illegal drugs during that period. About a month later, appellant was alleged to have failed to adhere to the conditional release "pursuant to ORS 426.125." A hearing was held before a different judge, who heard evidence that appellant had failed to engage in treatment and used illegal drugs. The court indicated that it was ordering commitment based on appellant's earlier stipulation, and "to be specific, I'm not making any findings. I don't think that I could make any findings about whether or not you would meet criteria for commitment today. I am simply enforcing the agreement that you made in admission that you met criteria about a month ago." The court entered the judgment of commitment accordingly.

ORS chapter 426 spells out in detail how mental commitment proceedings are to be conducted. More particularly, ORS 426.130(2) permits a court, after making the

requisite determination that a person with a mental illness satisfies certain requirements, to order a conditional release:

> "A court that orders a conditional release, a commitment or assisted outpatient treatment under this section shall establish a period of commitment or treatment for the person subject to the order. Any period of commitment ordered for commitment or conditional release under this section shall be for a period of time not to exceed 180 days."

Moreover, under ORS 426.125:

> "(1)   A court may only order conditional release if all of the following occur:
>
> "(a)   The conditional release is requested by the legal guardian, relative or friend of the person with mental illness.
>
> "(b)   The legal guardian, relative or friend requesting the conditional release requests to be allowed to care for the person during the period of commitment in a place satisfactory to the judge.
>
> "(c)   The legal guardian, relative or friend requesting the release establishes all of the following to the satisfaction of the court:
>
> "(A)   The ability of the legal guardian, relative or friend to care for the person.
>
> "(B)   That there are adequate financial resources available for the care of the person."

The two-year "conditional release" agreement that the courts authorized and ultimately enforced in this case did not comport with the requirements of ORS chapter 426. We agree with the parties that this was plain error, and exercise discretion to correct the error in light of its gravity.

Reversed.